**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HENRY JACKSON, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| MID-GEORGIA TRUCKING | ) | JURY TRIAL DEMANDED |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Henry Jackson ("Plaintiff"), through undersigned counsel, and files this action against Defendant Mid-Georgia Trucking Company ("Defendant") and for his Complaint shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

Plaintiff seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

minimum wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA"), as enforced by the Emergency Paid Sick Leave Act ("EPSLA") and Families First Coronavirus Response Act ("FFCRA"). Plaintiff also seeks damages, attorney's fees and costs under the FLSA for Defendant's unlawful retaliation against him. Plaintiff also brings interference and retaliation claims pursuant to the Family Medical Leave Act ("FMLA"), as enforced by the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and FFCRA.

## II.   Jurisdiction and Venue

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### 4.

Defendant is a Georgia business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff began working for Defendant in February 2018 as a truck driver.

6.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

7.

On or about July 14, 2020, Plaintiff tested positive for COVID-19, and Plaintiff's primary care physician advised Plaintiff to self-quarantine.

8.

On or about July 17, 2020, Plaintiff notified Defendant's owner, Scott Baize, that he had tested positive for COVID-19 and could not work for two weeks as he needed to quarantine.

9.

Mr. Baize immediately terminated Plaintiff's employment, stating "my trucks need to keep running."

10.

At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

11.

Plaintiff was an employee under the FFCRA eligible for paid sick leave and paid leave due to his COVID-19 diagnosis and need to quarantine.

12.

Defendant's termination of Plaintiff violated the FFCRA and the provisions of the FLSA incorporated by the FFCRA.

13.

In terminating Plaintiff's employment and failing to provide Plaintiff with leave, Defendant violated the FLSA's minimum wage provisions and retaliated against Plaintiff in violation of the FLSA, as incorporated by the FFCRA.

14.

Any reason given for Plaintiff's termination is pretext for unlawful violations of the FFCRA.

15.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**Count I**

**Violation of the Minimum Wage Requirement of the
Fair Labor Standards Act**

16.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

17.

Under the EPSLA, an employer shall provide to each employee paid sick time to the extent that the employee is unable to work due to a need for leave because the employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.

18.

Under the EPSLA, employers who fail to provide paid sick leave as required are considered to have failed to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206.

19.

Defendant has violated the minimum wage provisions of the FLSA by failing to provide Plaintiff with two weeks of paid leave when he tested positive for COVID-19 and was unable to work.

20.

Defendant knew or had reason to know that it was violating the EPSLA and FLSA in terminating Plaintiff's employment and failing to provide Plaintiff with two weeks of paid leave.

21.

Defendant knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

22.

Pursuant to the EPSLA, Defendant's violation of the EPSLA is subject to the penalties described in the FLSA, 29 U.S.C. §§ 216 and 217. Accordingly, Plaintiff is entitled to recover the unpaid minimum wages, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with this claim.

## Count II

## Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

23.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

24.

Under the EPSLA, an employer shall provide to each employee paid sick time to the extent that the employee is unable to work due to a need for leave because the employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.

25.

Defendant terminated Plaintiff's employment because he sought leave to which he was entitled under the EPSLA and FLSA.

26.

Defendant's actions, policies and/or practices as described above violate the EPSLA and FLSA's anti-retaliation provisions.

27.

Defendant knew or showed reckless disregard for the fact its conduct violated the EPSLA and FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

28.

Defendant's violations of the EPSLA and FLSA were willful and in bad faith.

29.

Plaintiff engaged in statutorily protected activity under the EPSLA and FLSA.

30.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate Plaintiff.

31.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendant.

32.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover

actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     Special damages and/or liquidated damages for unpaid and lost wages and benefits and prejudgment interest thereon;

(b)     Compensatory damages, including emotional distress damages solely as to Plaintiff's EPSLA/FLSA retaliation claim;

(c)     Reasonable attorney's fees and expenses of litigation;

(d)     Trial by jury as to all issues so triable;

(e)     Prejudgment interest at the rate allowed by law;

(f)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)     All equitable relief available under the FLSA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h)     All other relief to which he may be entitled.

This 9th day of August, 2021.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com